IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 21-42 |
| JONATHAN BERBERENA | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                        **JANUARY 31, 2022**

Presently before the Court is the Government's Motion in Limine to Admit Hearsay Evidence Under Federal Rule of Evidence 803(2) (ECF No. 49) and Defendant Jonathan Berberena's Response in Opposition (ECF No. 52). For the following reasons, the Motion will be granted.

**I. BACKGROUND**

There is no dispute that on December 6, 2019, Defendant Jonathan Berberena had a handgun and ammunition in a gym bag over his shoulder. There is also no dispute that Berberena, as a convicted felon, was prohibited from possessing the gun and the ammunition. The only dispute is whether Berberena's possession was justified. The first jury to hear this case could not resolve that issue and deadlocked after several hours of deliberation. Berberena is scheduled for a new trial starting February 1, 2022.

Berberena asserts that he took the gun and ammunition from his girlfriend, M.S., in self-defense during a domestic dispute. He stated this to the two Philadelphia Police officers who responded to the domestic dispute, and it was captured on the officers' body cameras. The officers' cameras recorded their arrival through Berberena's arrest. The question before the

Court now is whether the jury should see a brief segment of that video with the accompanying audio.

The segment occurred less than two minutes after the officers arrived. In it, one of the officers asks Berberena if he had a valid license for the gun. Berberena responds that the gun is M.S.'. M.S., who is standing nearby, exclaims "What?," with a look of disbelief.

The Government seeks to admit M.S.' statement under the excited utterance exception to hearsay. It would play that portion of the video during cross-examination of Berberena, and in rebuttal during Officer McGrody's testimony. Prior to Berberena's first trial, the Government sought to admit the officers' body camera footage without the accompanying audio. (*See* ECF No. 24.) In opposition, Berberena argued that the jury should hear the audio from his arrest, including his statements that the gun was not his. (See ECF No. 28.) The Government's motion was granted because Berberena's statements were hearsay and did not meet any of the exceptions to the rule. (ECF No. 34.) However, M.S.' statement of "What?" is an excited utterance. It will be admitted at trial.

## II. LEGAL STANDARD

An out-of-court statement offered to prove the truth of the matter asserted is inadmissible unless it meets one of the exceptions to the general rule against hearsay. Fed. R. Evid. 801(c), 802. One of the exceptions is when an out-of-court statement is an "excited utterance." Fed. R. Evid. 803(2). Rule 803(2) defines an excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." "The assumption underlying the hearsay exception of Rule 803(2) is that a person under the sway of excitement temporarily loses the capacity of reflection and thus produces statements free of fabrication." *Miller v. Keating*, 754 F.2d 507, 512 (3d Cir. 1985).

"The requirements for a hearsay statement to constitute an excited utterance are: (1) a startling occasion, (2) a statement relating to the circumstances of the startling occasion, (3) a declarant who appears to have had an opportunity to observe personally the events, and (4) a statement made before there has been time to reflect and fabricate." *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998). The availability or unavailability of the witness does not affect the admissibility of an excited utterance. Fed. R. Evid. 803; *see also United States v. Brown*, 254 F.3d 454, 458 (3d Cir. 2001). Whether a statement is an excited utterance is within the discretion of the trial judge. *See David by Berkeley v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 235 (3d Cir. 1984). The party who seeks to admit the statement bears the burden of establishing that it qualifies as an excited utterance. *Id*.

**III.    DISCUSSION**

Berberena argues that M.S.' response of "What?" on the video should not be admitted because it does not qualify as an excited utterance, it is not relevant or reliable in light of her alleged recent retraction, and it will confuse the jury. In Berberena's view, the video depicts an ongoing argument that lacks a sufficiently startlingly event to qualify M.S.' response as an excited utterance. He does not contest the other three requirements. Because we find that M.S.' statement meets the requirements of an excited utterance, we will admit the video and audio of M.S.' statement.

A domestic disturbance is an inherently startling event. Here, the disturbance was significant enough to merit a call for police assistance. The presence of a gun and the accusation as to its ownership necessarily exacerbates an already stressful situation. In addition, M.S. responded immediately to Berberena's claim that the gun was hers. Her reaction of "What?" was an instantaneous expression of disbelief. All of this occurred within the first two minutes of

officers arriving in front of M.S.' house—a time when she was undoubtedly still under the stress of the events that necessitated the officers' arrival.  Therefore, we find that M.S.' statement was made while she was still under the stress of a startling domestic disturbance and in response to a startling accusation of gun ownership.  The remaining uncontested requirements are also satisfied because the statement related to the startling occasion, M.S. personally witnessed the events, and she made the statement before she had time to reflect and fabricate.  *See Mitchell*, 145 F.3d at 576.

Despite her presence at the first trial, neither party called M.S. to testify.  (Govt.'s Mot. at 6; Def.'s Response at 2.)  Berberena alleges that, while at the courthouse, M.S. stated that the gun and ammunition were hers.  (Def.'s Response at 2.)  Berberena argues that M.S.' recent verbal retraction renders her implied denial of ownership in the video "of both limited reliability and relevance."  (*Id.*)  However, a witness' later alleged recantation is not something a court must consider when determining whether a statement qualifies as an excited utterance.  *See Mitchell*, 145 F.3d at 576 (listing the four requirements for a statement to qualify as an excited utterance).  All the requirements for an excited utterance focus on the time when the statement was made.  *Id*.

Berberena also contends that the act of introducing M.S.' statement will place "undue emphasis on this seconds-long audio snippet" and will mislead the jury.  (Def.'s Response at 2.)  We disagree.  The jury can decide what emphasis to give this statement.  The mere act of introducing a piece of evidence does not require the jury to give it any particular emphasis.  Indeed, the jury will be instructed that it is their job to weigh the evidence in light of their everyday experience, and to give it whatever weight they believe it deserves.

## IV.     CONCLUSION

       For the foregoing reasons, the Government's Motion to Admit Hearsay Evidence Under Federal Rule of Evidence 803(2) is granted.  An appropriate Order follows.


                                                    **BY THE COURT:**

                                                    */s/ R. Barclay Surrick*
                                                    **R. BARCLAY SURRICK, J.**